FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2016 MAY 26  P 4: 40

GRAND JURY H-16-1

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:16cr 108 (JBA) |
| v. | |
| HOWARD HAMMER and | VIOLATIONS: |
| JAMES BRODERICK, III. | 18 U.S.C. § 894 (Conspiracy and participation in the collection and attempted collection of an extension of credit by extortionate means) |
| | 21 U.S.C. § 846 (Conspiracy to distribute and to possess with intent to distribute narcotics) |

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy to collect and attempt to collect an extension of credit by extortionate means)

1.  From approximately January 1, 2016, through approximately May 26, 2016, the exact dates being unknown to the Grand Jury, in the District of Connecticut, defendants HOWARD HAMMER and JAMES BRODERICK, III, together with others known and unknown to the Grand Jury, did conspire to knowingly participate in the use of extortionate means to collect and attempt to collect an extension of credit from Victim #1, whose identity is known to the Grand Jury, and to punish Victim #1 for the non-repayment of an extension of credit.

All in violation of Title 18, United States Code, Sections 894(a)(1) and 894(a)(2).

## COUNT TWO
(Collecting and attempting to collect an extension of credit by extortionate means)

2. From approximately January 1, 2016 through approximately May 26, 2016, the exact dates being unknown to the Grand Jury, in the District of Connecticut, defendants HOWARD HAMMER and JAMES BRODERICK, III, together with others known and unknown to the Grand Jury, did knowingly participate in the use of extortionate means to collect and attempt to collect an extension of credit from Victim #1, whose identity is known to the Grand Jury, and to punish Victim #1 for the non-repayment of an extension of credit.

In violation of Title 18, United States Code, Sections 894(a)(1) and 894(a)(2).

## COUNT THREE
(Conspiracy to Distribute and to Possess with Intent to Distribute Narcotics)

3. From approximately December 1, 2015, through approximately May 26, 2016, the exact dates being unknown to the Grand Jury, in the District of Connecticut, defendant HOWARD HAMMER, together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

4. It was a part and an object of the conspiracy that defendant HAMMER, together with others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

5. Defendant HAMMER knew or reasonably should have foreseen from his own conduct and that of other members of the conspiracy that the conspiracy involved a mixture and substance containing a detectable amount of oxycodone, a Schedule I controlled substance, and a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## FORFEITURE ALLEGATION
(Extortionate Collection of Debt Offense)

6.  Upon conviction of the offenses alleged in Counts One and Two of this Indictment, namely, conspiring to participate and participating in the use of extortionate means to collect and attempt to collect an extension of credit, defendants HOWARD HAMMER and JAMES BRODERICK, III, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 894.

7.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 981(a)(1) as incorporated by Title 28, United States Code, Section 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

## FORFEITURE ALLEGATION
(Controlled Substance Offense)

8.  Upon conviction of the controlled substance offense alleged in Count Three of this Indictment, defendant HOWARD HAMMER shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any

manner or part, to commit, or to facilitate the commission of, the said violations and a sum of money equal to the total amount of proceeds obtained as a result of the offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a),

A TRUE BILL

/S/
FOREPERSON

UNITED STATES OF AMERICA

DEIRDRE M. DALY
UNITED STATES ATTORNEY

TRACY LEE DAYTON
ASSISTANT UNITED STATES ATTORNEY